THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH H. FITZGERALD, Defendant-Appellant. ·

(No. 74-86; ▮▮▮▮▮▮▮▮▮)

Second District (1st Division)—February 18, 1975.

974

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence F. Wittenstrom, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

On September 27, 1971, defendant was charged by information with the offenses of burglary (Ill. Rev. Stat. 1971, ch. 38, par. 19—1) and theft in excess of $150 (Ill. Rev. Stat. 1971, ch. 38, par. 16—1). He was arraigned on the same day and waived indictment and preliminary hearing. On October 22, 1971, pursuant to plea-bargain negotiations, defendant pleaded guilty to theft of less than $150 (Ill. Rev. Stat. 1971, ch. 38, par. 16—1). He was then placed on probation for a period of 24 months. During the probationary term, he was convicted of burglary and sentenced to a term of from 1 to 5 years in the Illinois State Penitentiary. The State then filed a petition to revoke defendant's probation.

This appeal is from an order issued by the court on April 3, 1973, revoking defendant's probation and sentencing him to a period of 120 days to run consecutively to the 1- to 5-year sentence. Defendant first contends that the trial court lacked jurisdiction to revoke his probation because his initial plea of guilty for theft, for which he had been placed on probation, was entered subsequent to his invalid waiver of indict-

ment, in that the court at that time had failed substantially to comply with the requirements of Supreme Court Rule 401(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 401(b)). Second, he contends that the trial court erred in that it failed to credit him on the 120-day sentence with time served successfully on probation ("street time"). We conclude that we have no jurisdiction to pass on the first contention and agree with the second. We therefore affirm the order revoking probation and direct the trial court, on remand, to enter an order crediting defendant with time served successfully on probation.

Defendant's first contention is that the trial court lacked jurisdiction to revoke his probation because the court which originally convicted him and placed him on probation did so following his alleged invalid waiver of indictment and preliminary hearing. We are without jurisdiction to consider this contention because defendant never filed notice of appeal from the order of the court convicting him and placing him on probation.

■■■ The rule in Illinois is that a defendant has 30 days in which to file notice of appeal from a final judgment or from the court's ruling on his application for probation (Ill. Rev. Stat. 1971, ch. 110A, par. 606(b)). An additional 6-month period is granted provided that defendant can show reasonable cause for having delayed beyond 30 days (Ill. Rev. Stat. 1971, ch. 110A, par. 606(c)). Thus, the time period in which to file notice of appeal has passed. Also, where there has been no appeal from a judgment of conviction and order of probation, such cannot be reviewed on appeal from an order revoking probation (*People v. Coleman* (1973), 13 Ill.App.3d 252, 301 N.E.2d 59; *People v. Godsey* (1974), 22 Ill.App.3d 382, 317 N.E.2d 157). Thus, we are without jurisdiction to consider defendant's first contention.

Defendant's second contention is that he should have been credited with time served successfully on probation. We agree. His probation was revoked on February 15, 1973. At that time section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)) provided in part,

> "Time served on probation or conditional discharge *shall be credited by the court* against a sentence * * * or periodic imprisonment." (Emphasis ours.)

In our view the statute imposed an obligation upon the trial court to so credit the defendant.

■■ We reject the State's two contentions—that defendant waived the sentencing advantage by failing to affirmatively request it and that, since defendant's case has not reached a stage of final adjudication because the last direct appeal has not yet been decided (Ill. Rev. Stat. 1973,

ch. 38, par. 1008—2—4; *People v. Chupich* (1973), 53 Ill.2d 572, 581-582, 295 N.E.2d 1), we should uphold the trial court because current law (since July 1, 1974, or over a year after the order revoking probation and imposing sentence) leaves the sentencing credit to the court's discretion. Insofar as the first contention is concerned, the legislature plainly directed the judiciary to credit defendants with time served successfully while on probation. There is no room here for judicial interpretation of the sort recommended by the State. We are bound by the plain meaning of the statute. Therefore, defendant was entitled to be credited whether or not he specifically requested the credit.

■■ The State's second contention is also without merit. The purpose of section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4) is to allow defendants in criminal cases to avail themselves of the sentencing *benefits* of the Code provided their cases have not reached a stage of final adjudication on the date that the Code was adopted (emphasis ours). Where the sentencing provision provides no benefit but rather provides a detriment, the provision does not apply (see *People v. Brooks* (1973), 13 Ill.App.3d 1003, 1008, 301 N.E.2d 496).

We affirm the revocation of defendant's probation but remand the cause to the trial court with directions that it credit defendant with time served successfully while on probation.

Affirmed and remanded with directions.

SEIDENFELD, P. J., and GUILD, J., concur.