THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEPHEN M. WATSON, Defendant-Appellant.

(No. 12834;

No. 12835;

Fourth District—September 17, 1975.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul C. Komada, State's Attorney, of Charleston (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Stephen M. Watson, appeals from four convictions entered pursuant to guilty pleas and from two concurrent sentences of 17 to 27 years' imprisonment for armed robbery and murder and two concurrent sentences of one to 3 years' imprisonment for criminal damage to property and burglary. Defendant contends that the armed robbery and criminal damage to property convictions and sentences should be vacated since they arose out of the same conduct or transaction involved in the murder and burglary convictions, respectively. These cases have been consolidated for purposes of appeal.

On January 14, 1974, defendant was inducted in case No. 73-CF-544 for two counts of criminal damage to property and two counts of burglary. On that same date defendant was indicted in case No. 73-CF-561 for one count of murder and one count of armed violence and in case No. 73-CF-559 for one count of armed robbery and one count of theft over $150. On January 30, 1974, defendant was indicted for felony murder under a third count of the indictment entered in case No. 73-CF-561. On January 29, 1974, the State moved to consolidate case Nos. 73-CF-559 and 73-CF-561 on the grounds that all charges in said cases arose out of the same factual situation.

On June 3, 1974, a hearing was held on all the above charges. The prosecutor stated that pursuant to plea negotiations defendant would plead guilty to one count of murder and armed robbery in 73-CF-559 and 73-CF-561 and to one count of criminal damage to property and one count of burglary in case No. 73-CF-544. In return the State would recommend concurrent sentences of 17 to 27 years' imprisonment for the murder and armed robbery offenses and one to 3 years' imprisonment on the criminal damage to property and burglary offenses and would dismiss the other charges for which defendant was indicted.

The State then proceeded to give a factual basis for the plea on the murder and armed robbery charge by stating that it would present sufficient facts to indicate that defendant had on the night of October 1, 1973,

gone to the Owens Service Station in Mattoon, Illinois, and had committed the offense of murder and armed robbery against one James Robert Fryer, a 16-year-old boy. Said factual basis included the following information:

"* * * The People would call Michael Beavers, who would testify that on or about September 30, 1973, that he was in the accompaniment of Stephen M. Watson, the defendant, that shortly before midnight Mr. Watson, who was driving a car, parked in an alley behind the Owens Service Station and was headed in a westerly direction; that at the time he and Mr. Watson arrived and parked behind the service station there was a semi tractor-trailer truck in the drive; that they remained parked and seated for a few minutes until the semi tractor-trailer truck left the drive, at which time Mr. Watson exited the vehicle, made the remark to Mr. Beavers that he would be back in just a moment. Mr. Beavers would further testify that Mr. Watson proceeded along the west side of the service station. A few moments later Mr. Beavers heard several gun shots. Moments later Mr. Watson returned to the car, carrying what appeared to Mr. Beavers as a brown sack, a plastic tray. Upon returning to the car, Mr. Beavers would testify that Mr. Watson stated to him, "I have just robbed the service station and shot the kid." The People would also call Jerry Lee Mason, who would testify that on several occasions that he had a conversation with Mr. Stephen Watson concerning the incident at Owens Service Station, and that he confessed to the robbing of the service station and the shooting of James Robert Fryer. Mr. Mason would further testify concerning the weapon that was used, that Mr. Watson stated to him that the weapon that was used in the robbery and shooting that Captain Robert O'Dell had the same and it was in Springfield. The People would also call Captain Robert O'Dell of the Mattoon Police Department, who would testify that during the investigation of the incident at Owens Service Station that a weapon was recovered from Mr. Watson; that it was a .22 caliber Arms Company revolver; that that weapon along with seven projectiles removed from the head of James Robert Fryer was submitted to the state crime lab for comparison * * * but stated * * * that the weapon submitted by Mr. Watson could have fired the seven projectiles removed from the head of James Robert Fryer * * *."

The defendant then indicated his concurrence in the factual basis stated above.

The State then presented a factual basis for the pleas in case No. 73-CF-544 as follows:

"Your honor, in 73-CF-544, Counts II and IV, making reference to Thrifty Drug Store in Mattoon, Coles County, Illinois, in the early morning hours of November 23, 1973, at approximately 4:18 a.m., two Mattoon police officers, Stewart Walters and Charles Coffey, were on routine patrol when they observed at Thrifty Drug Store that the lower part of a window and a door had been damaged; that the two officers observed one William E. Prather standing inside the drug store; that the officers proceeded into the drug store and made an arrest on Mr. Prather. Upon further examination of the premises, the officers discovered the presence of Mr. Stephen Watson in the back portion of the drug store, at which time Mr. Watson had an iron tool in one hand, a glove on the other hand, and a sack of some sort being the property of Thrifty, in the sack, at which time the officers placed Mr. Watson under arrest \* \* \*."

Defendant expressed his concurrence in the above-stated factual basis. Defendant further stated that he understood the plea agreement. The court entered judgment on the murder and armed robbery pleas in 73-CF-559 and 73-CF-561 and sentenced defendant to two concurrent terms of 17 to 27 years' imprisonment. The court entered judgment on the criminal damage to property and burglary pleas in 73-CF-544 and sentenced defendant to two concurrent terms of one to 3 years' imprisonment, said sentences to run concurrently with the murder and armed robbery sentences.

Defendant contends that the armed robbery conviction and sentence should be vacated because it arose out of the same course of conduct or transaction as the murder conviction and was not independently motivated or otherwise separable. It is further contended that the conduct which was the basis for the murder charge was the same conduct which provided the element of force in the armed robbery charge. We do not agree.

■■ It is well established in this State that a defendant may not be convicted of multiple offenses arising out of the same course of conduct, transaction or act unless the offenses are "independently motivated or otherwise separable." (*People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316; *People v. Duszkewycz*, 27 Ill.2d 257, 189 N.E.2d 299; *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24; *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679; *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1; *People v. Scott*, 57 Ill.2d 353, 312 N.E.2d 596.) Nevertheless, as our supreme court stated

in *People v. Johnson,* 44 Ill.2d 463, 475, 256 N.E.2d 343, 350, these cases "were not intended to cover situations in which more than one offense arises from a series of closely related acts and the crimes are clearly distinct and require different elements of proof." (See *People v. Williams,* 60 Ill.2d 1, 322 N.E.2d 819, 826; *People v. Raby,* 40 Ill.2d 392, 240 N.E.2d 595; *People v. Harper,* 50 Ill.2d 296, 278 N.E.2d 771; *People v. Ike,* 7 Ill.App.3d 75, 286 N.E.2d 391.) Such is the situation in the instant case. Although the offenses here arose from closely related acts, the offenses are clearly distinct and require different elements of proof. There is nothing in this record to indicate that the killing was committed prior to the completion of the robbery nor is there any indication that the killing was done in order to accomplish the robbery. Indeed, firing seven shots into the head of a victim establishes, in our view, that the killing was a senseless wanton act.

Defendant also contends that the criminal damage to property conviction and sentence should be vacated because it arose out of the same course of conduct or transaction as the burglary offense and was not independently motivated or otherwise separable. We agree. Defendant entered the building for the purpose of burglarizing the premises. Doors and windows are the burglar's usual means of entry into a building. The damage done to the door here was for the apparent purpose of gaining entry into the building in order to accomplish the burglary, and there is no indication in this record that the criminal damage was independently motivated or otherwise separable from the burglary. The two offenses then arose from the same course of conduct, and the lesser of the two offenses, the criminal damage to property, should be reversed. See *Whittington.*

Accordingly, for the reasons stated above the judgments and sentences imposed in 12835 are affirmed. The judgment and sentence imposed for burglary in 12834 is affirmed but the judgment and sentence imposed for criminal damage to property is reversed and the cause remanded to the circuit court of Coles County with directions to vacate said judgment and sentence.

No. 12835, Judgments affirmed.

No. 12834, affirmed in part, reversed in part and remanded with directions.

TRAPP and GREEN, JJ., concur.