THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MILTON V. WILLINGHAM, Defendant-Appellant.

Fourth District   No. 13089

Opinion filed May 27, 1976.

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville, for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Milton V. Willingham was charged in the Circuit Court of Morgan County by a two-count indictment. The counts alleged two forgeries with separate victims but both occurring on April 28, 1973. On October 1, 1973, defendant entered a plea of guilty "to forgery as charged in the indictment." Judgment was then "entered thereon." On November 30, 1973, defendant was sentenced to 3 years probation. On December 3, 1974, his probation was revoked and he was sentenced to consecutive terms of imprisonment of 3 years and 4 months to 10 years as to Count I and 2 years to 6 years as to Count II. The court ordered that he not receive credit for time spent under sentence of probation. Defendant appeals from the order of sentence.

The information presented to establish a factual basis for the plea of guilty indicated that defendant made arrangements to purchase an automobile from a dealer. At the time of purchase he delivered to the dealer two forged checks, one payable to the dealer for the purchase price of the car and the other payable to the Secretary of State for a car license and title transfer. Defendant contends that the trial court erred "in entering judgment on more than one count of the indictment since both forgery charges arose from the same transaction," in imposing consecutive sentences, and in not giving the defendant credit for the time he served on probation.

■■ Defendant's conviction became appealable under Supreme Court Rule 604(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(b)) when he was sentenced to probation on November 30, 1973. No appeal was taken from that order within the 30-day period provided by Supreme Court Rule

606(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 606(b)). He may not now make direct attack on the conviction by notice of appeal from the order of December 3, 1974, revoking probation and imposing sentence. (*People v. Fitzgerald*, 25 Ill. App. 3d 973, 324 N.E.2d 13.) Only the latter order is under consideration here.

At all pertinent times until after the defendant was sentenced to probation, the Unified Code of Corrections provided in section 5—8—4(c) with respect to consecutive sentences that:

> "The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved. * * *" Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4(c).

At all pertinent times prior to defendant's sentence to probation, forgery was a Class 3 felony (Ill. Rev. Stat. 1973, ch. 38, par. 17—3(d)) for which the lowest minimum term of imprisonment under section 5—8—1 (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1) was one year. Thus, under the statutory sentencing scheme in force at that time, the highest aggregate minimum term that could be imposed for a consecutive sentence under these forgery charges was 2 years rather than the aggregate of 5 years and 4 months imposed.

Similarly, at the time pertinent, section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(h)) stated that upon resentencing after revocation of probation, the defendant was entitled to credit against a sentence of imprisonment for time served on probation.

■■ By the time probation was revoked, sections 5—8—4(c) and 5—6—4(h) had been amended to permit, in a proper case, the sentences here imposed. Neither amendment went into effect until after defendant was placed on probation (see *People v. Goetz*, 27 Ill. App. 3d 680, 327 N.E.2d 516). To construe these amendments to authorize the sentences imposed here would give them a constitutionally impermissible *ex post facto* application. (*People v. Johnson*, 133 Ill. App. 2d 818, 263 N.E.2d 901.) It would also violate section 5—6—4(e) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(e)) which limits the sentence imposed on revocation of probation to one that could have been imposed when the sentence of probation was ordered. The trial court thus erred in denying defendant credit for time spent on probation and in ordering consecutive sentences with an aggregate minimum sentence in excess of 2 years.

When faced with the problem of similarly excessive aggregate minimum sentences, the Supreme Court reversed and ordered the sentences reduced to concurrent sentences in *People v. Nicks*, 62 Ill. 2d 350, 342 N.E.2d 360, and *People v. Morgan*, 59 Ill. 2d 276, 319 N.E.2d 764,

and reversed and remanded for resentencing in *People v. Williams*, 60 Ill. 2d 1, 322 N.E.2d 819. In *Nicks* and *Morgan* the improper consecutive sentences followed sentences which had been imposed in other cases and could not be altered on remand. In *Williams*, as here, all sentences were before the court. We, accordingly choose to follow *Williams* and remand for resentencing.

As we have previously ruled, at resentencing, the defendant will be entitled to credit, upon any sentence of imprisonment, for time spent on probation.

Defendant contends that he will also be entitled to a single sentence. The rule concerning multiple convictions and sentences for offenses arising from the same course of conduct, transaction or act has been stated variously. We recently stated that multiple convictions and sentences may be imposed only if "the offenses are 'independently motivated or otherwise separable'." *People v. Watson*, 31 Ill. App. 3d 774, 777, 335 N.E.2d 20, 22.

■■ The application of the rule is difficult and the decisions are not easy to reconcile. In *People v. Prim*, 53 Ill. 2d 62, 289 N.E.2d 601, several persons on a bus were held up by a group of people. Defendant participated in the holdup and took money from one of the victims. Defendant was held to have been properly convicted and sentenced separately for the armed robbery of each victim. In *People v. Kuknyo*, 21 Ill. App. 3d 790, 315 N.E.2d 657, (abstract opinion), multiple convictions and sentences were likewise held to be proper where the defendant delivered separate forged checks to the same bank with the same named payee on the same day. In the instant case the checks were made payable to different persons and were capable of defrauding and intended to defraud different people. Thus, though the issuance of the checks were all part of a scheme to obtain an automobile there was sufficient independent motivation to support multiple sentences.

■■ The record indicates that the defendant was not admonished prior to plea that consecutive sentences might be imposed. Accordingly, consecutive sentences may not be imposed on remand. *People v. Wills*, 23 Ill. App. 3d 25, 319 N.E.2d 269, *modified as to other issues*, 61 Ill. 2d 105, 330 N.E.2d 505.

The sentences imposed are reversed and the case remanded for resentencing consistent with the views expressed in this opinion.

Reversed and remanded for resentencing.

TRAPP, P. J., and CRAVEN, J., concur.