THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL PETER EDWARDS, Defendant-Appellant.

Fourth District   No. 13985

Opinion filed April 25, 1977.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

In separate indictments, defendant, Michael Edwards, was charged with unlawful delivery of a controlled substance, lysergic acid diethylamide, (hereinafter referred to as LSD) and unlawful delivery of cannabis, violations of section 401(c) of the Illinois Controlled Substances Act and section 5(c) of the Cannabis Control Act, respectively. (Ill. Rev. Stat. 1973, ch. 56½, pars. 1401(c) and 705(c).) The controlled substance offense, a Class 3 felony, carries a greater possible maximum sentence, 10 years, than does the cannabis offense, a Class 4 felony, which carries a possible maximum of only 3 years. (Ill. Rev. Stat. 1975, ch. 38, pars. 1005—8—1(b)(4), (5).) Prior to trial the State moved to have the two charges consolidated for trial in the following language:

> "2. That the offense charged in said Indictments are based upon the same act or on two or more acts which are part of the same comprehensive transaction."

The motion for joinder was granted. In a consolidated bench trial, the defendant was found guilty of both offenses and sentenced to concurrent imprisonment terms with the minimum set at 1½ years and the maximum set at 4½ years for the controlled substance offense, and with the minimum set at 1 year and the maximum set at 3 years for the cannabis offense.

Defendant's sole contention on review is that the lesser penalty cannabis offense conviction should be set aside because it arose out of the same transaction as the greater penalty controlled substance offense.

At trial, the State's main witness, Walter Hetman, McLean County deputy sheriff, testified that he was working as an undercover agent on February 18, 1975, when he met defendant. According to Hetman, defendant asked him if he wanted to purchase cannabis. Hetman stated that defendant first handed him a plastic bag containing a green leafy substance and then a tinfoil package containing 10 purple tablets. Hetman related that he asked how much defendant wanted for the items and was told that the bag was $20 and the pills were $2 each. Hetman testified that he paid $40 for all the items and then left with them. The bag later proved to contain cannabis, and the pills proved to be LSD. Defendant's testimony basically substantiated Hetman's.

■■ Defendant's contention that he could only be properly found guilty of the greater offense of unlawful delivery of a controlled substance is without merit. The defendant relies upon *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819, for the proposition that a person may not be convicted of multiple offenses arising out the same act or conduct. A further reading of the opinion, however, discloses that this rule was "* * * not intended to cover situations in which more than one offense arises from a series of closely related acts and the crimes are clearly distinct and require different elements of proof." (60 Ill. 2d 1, 14, 322 N.E.2d 819, 826-827; Accord, *People v. Johnson* (1970), 44 Ill. 2d 463, 475, 256 N.E.2d 343, 350.) In this case, the delivery of the cannabis and the LSD, although closely related in time and place, were separate distinct acts. Each offense required the State to prove separate and distinct elements of possession and delivery. All of defendant's actions in delivering cannabis were not part of the same conduct as the delivery of the LSD. Defendant's purpose, motive and objective were different for each delivery. Consequently, we cannot find a basis for reversing defendant's cannabis delivery conviction. See *People v. Willingham* (1976), 38 Ill. App. 3d 612, 349 N.E.2d 120; *People v. Meredith* (1976), 37 Ill. App. 3d 895, 347 N.E.2d 55.

■■ The defendant suggests that because the State moved for joinder in language that seemingly admits that defendant had committed only one act, or, at most, two acts of a singular nature, it should be estopped from asserting the independence of defendant's offenses and that,

consequently, the defendant should prevail. The language used in the motion is taken directly from section 111—4(a) of the Code of Criminal Procedure which permits the charging of two or more offenses in the same indictment if the offenses "* * * are based on the same act or on 2 or more acts which are part of the same comprehensive transaction." (Ill. Rev. Stat. 1975, ch. 38, par. 111—4(a).) Section 114—7 of the Code of Criminal Procedure provides:

> "The court may order 2 or more charges to be tried together if the offenses and the defendants could have been joined in a single charge. The procedure shall be the same as if the prosecution were under a single charge." (Ill. Rev. Stat. 1975, ch. 38, par. 114—7.)

Clearly in this case the controlled substance and cannabis offenses were part of the same comprehensive transaction of selling illicit drugs to Hetman. As such they could have been brought in a single indictment without any suggestion that defendant could only be convicted of the greater penalty offense. (*People v. Henderson* (1976), 36 Ill. App. 3d 355, 344 N.E.2d 239.) The motion was properly made and granted because the crimes' closeness in time and place made a consolidated trial more expeditious than separate trials. We fail to comprehend, therefore, how the State's pretrial joinder motion was improper or how it could estop the State from arguing that the defendant was properly convicted of the two offenses.

■■ Accordingly, we hold that the two offenses of unlawful delivery of a controlled substance and unlawful delivery of cannabis are separate and distinct offenses which require different elements of proof. Under these circumstances, the conviction of the greater penalty offense does not mandate the dismissal of the lesser penalty offense. The judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J., and MILLS, J., concur.