## PIERRE ANDREE MULLER, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

### No. 10363

December 30, 1977          572 P.2d 1245

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

An indictment charged Pierre Andree Muller with two counts of selling heroin (NRS 453.321; NRS 453.161) and one count of selling cocaine (NRS 453.321; NRS 453.171). In a pretrial habeas corpus proceeding, one of the heroin counts was dismissed. Muller has appealed from that portion of the district judge's order which denied the habeas challenge to the other two counts.

There is evidence in the transcript of the grand jury proceedings to establish probable cause to believe that on September 28, 1977, Muller sold heroin, a schedule I controlled substance (NRS 453.161), and cocaine, a schedule II controlled substance (NRS 453.171), to an undercover narcotics agent. Both drugs were delivered, and payment for each was received, simultaneously.

Appellant contends that, since the sale of the different controlled substances was consummated simultaneously in one transaction, his conduct does not constitute two separate offenses for which he may be charged. We disagree.

The sale of heroin and the sale of cocaine are distinct offenses requiring separate and different proof. *See* People v. Edwards, 362 N.E.2d 439 (Ill.App. 1977); People v. Lopez, 337 P.2d 570 (Cal.App. 1959). Here the record shows that "two distinct offenses were [probably] committed since the sale of each controlled substance 'requires proof of an additional fact which the other does not,' viz., the particular . . . identity of the controlled substance sold." State v. Campbell, 549 S.W.2d 952, 955 (Tenn. 1977). *See also,* State v. Adams, 364 A.2d 1237 (Del.Super.Ct. 1976).

Affirmed.