THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CALVIN BUTLER, Defendant-Appellant.

Second District   Nos. 2—87—0247, 2—87—0248 cons.

Opinion filed June 28, 1989.

512

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Michael J. Pelletier and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Calvin Butler, appeals the dismissal of his amended post-conviction petition, contending he was deprived of the effective assistance of his appointed post-conviction counsel. We affirm in part, and vacate and remand in part.

The defendant entered negotiated pleas of guilty to the offenses

of felony theft (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(a)(1)) and burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—1). He was not admonished as to the possibility of a consecutive sentence. (107 Ill. 2d R. 402(a)(2).) Following a hearing in aggravation and mitigation and review of the defendant's presentence report, on May 18, 1984, the court imposed concurrent 30-month terms of probation for each offense, with the condition he perform 100 hours of public service on the theft and 150 hours of public service or full-time employment on the burglary. The defendant was admonished he must withdraw his guilty plea within 30 days if he wished to appeal the judgment and sentence. 107 Ill. 2d R. 605(b).

Upon the defendant's failure to comply with these conditions of probation, probation for both offenses was revoked on June 29, and he was sentenced immediately to two- and four-year concurrent terms of imprisonment in the Department of Corrections, respectively, for the offenses of theft and burglary. He filed notices of appeal that same day which later were allowed to be withdrawn. On July 2, he filed a motion to reconsider the revocation, alleging *inter alia* that he was entitled to a presentence investigation and sentencing hearing. After a hearing that day, the trial court ruled the revocation of the theft probation would stand, but the sentence would be vacated and a hearing held. As to the burglary offense, the court vacated the defendant's sentence, credited him with 150 hours of public service and reinstated his probation.

After a hearing in aggravation and mitigation on the theft offense, at which the defendant was provided an opportunity to amend or supplement the previously prepared presentence report, the court sentenced the defendant on July 13 to a four-year term in the Department of Corrections. Nothing in the record supports the defendant's statement that he also was ordered to pay restitution. Defendant filed a notice of appeal.

Also on July 13, the court granted the State leave to file a petition for revocation of the defendant's burglary probation alleging four misdemeanor offenses then pending against him. Following a hearing on July 20, the defendant was found in violation of his burglary probation, and it was revoked. On July 27, he was sentenced to a seven-year term in the Department of Corrections to be served consecutively to his four-year sentence for theft, and he appealed.

The burglary and theft appeals were consolidated, and both revocations of probation and sentences were affirmed by this court. (*People v. Butler* (1985), 137 Ill. App. 3d 704.) In his theft appeal, the defendant raised three issues: (1) whether the terms and conditions of

his probation were too vague and ambiguous to inform him of his obligations; (2) whether the trial judge improperly assumed the role of prosecutor by questioning witnesses at the sentencing hearing; and (3) whether he was deprived of the effective assistance of counsel in that counsel presented witnesses at the sentencing hearing whose testimony undermined representations made in his prior motion to reconsider and by failing to move for a substitution of judge. In his burglary appeal he raised two issues: (1) whether he was deprived of the effective assistance of counsel for failing to seek a substitution of judges for cause at the second revocation hearing and (2) whether the seven-year sentence was excessive.

In 1986, the defendant filed a *pro se* petition for post-conviction relief from both his convictions. His appointed post-conviction counsel filed an amended petition alleging, *inter alia*, that the defendant was denied the effective assistance of trial counsel in that (1) counsel neither advised nor consulted with him about the withdrawal of the notices of appeal and substitution of the motions to reconsider; (2) counsel did not inform him of the risks associated with a motion to reconsider; (3) counsel did not inform him that violation of his concurrent probationary sentences could result in consecutive sentences of imprisonment; and (4) counsel did not bring to the sentencing court's attention the fact its sentences were in the nature of resentencings subject to the provisions of 5—5—4 of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—4), which prohibit the imposition of a more severe sentence than that originally imposed when a conviction or sentence has been set aside on direct review or on collateral attack.

On January 20, 1987, the court granted the State leave to file its motion to dismiss the amended post-conviction petition. In its order dismissing the defendant's amended post-conviction petition, the court noted the issue of competency of trial counsel was addressed by this court in the defendant's direct appeal from the revocations and concluded that the defendant had failed to show his trial counsel's performance was so deficient and so serious an error as to deprive him of the counsel guaranteed by the sixth amendment or that he was prejudiced. The defendant then brought the instant appeals, which we consolidated for review.

NO. 2—87—0247

THEFT

The defendant asserts he was deprived of the effective assistance

of post-conviction counsel. He points out the meritorious issue of his improperly increased sentence for theft from two years to four years upon his motion for reconsideration was not raised by appointed appellate counsel on direct appeal, nor was the ineffectiveness of appellate counsel due to this failure raised by his appointed post-conviction counsel. Defendant relies on section 5—8—1(c) of the Code, which allows a reduction or modification of a sentence within 30 days of its entry, but expressly prohibits an increase in the sentence. Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c).

The State argues against the meritoriousness of the issue. It contends the court's original two-year sentence was a nullity since a formal sentencing hearing pursuant to section 5—4—1 of the Code had not been held following revocation of probation as required by section 5—6—4 of the Code. (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—4—1, 1005—6—4(h).) Accordingly, it contends the court had the authority to set aside a sentence which was beyond its authority to enter (*People v. Wade* (1985), 137 Ill. App. 3d 878, *aff'd* (1987), 116 Ill. 2d 1) and to impose the four-year sentence following the required sentencing hearing at which the court found the defendant's testimony at the prior revocation hearing concerning his employment status was intentionally misleading. The State posits the instant cause is analogous to *People v. Adams* (1988), 169 Ill. App. 3d 312. There, the court held that imposing a 12-year sentence after the defendant withdrew his guilty plea, for which he had received a 10-year sentence, did not violate the fourteenth amendment or the sentencing statute codifying the defendant's right to be free from vindictiveness in resentencing inasmuch as the increased sentence was based on identifiable conduct justifying it. As such, the State argues appellate counsel's failure to challenge the increased sentence cannot be considered to be patently wrong, and the issue is barred under principles of *res judicata*. It follows then, the State argues, that post-conviction counsel was not ineffective for failing to assert an issue barred by *res judicata*, and, moreover, the issue of appellate counsel's ineffectiveness was not raised in the defendant's amended post-conviction petition, thus waiving the issue.

The defendant replies that *Wade* is inapplicable here because the two-year sentence originally imposed for theft was within the statutory sentencing range unlike the probation imposed in *Wade* for which the defendant there was statutorily ineligible. Further, the *Adams* case relied on by the State did not deal with the sentence reconsideration statute at issue here (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c)), nor, in fact, was the resentencing statute (Ill. Rev. Stat. 1983,

ch. 38, par. 1005—5—4) found applicable in that case where the defendant's conviction was neither set aside on direct review nor collateral attack but, rather, was set aside as a result of the defendant's withdrawal of his guilty plea. As to the State's *res judicata* and waiver arguments, defendant points out those principles are inapplicable here where the ineffectiveness of appellate and post-conviction counsel are the ultimate issues presented. *People v. Barnard* (1984), 104 Ill. 2d 218.

■ We agree the issue of the increased sentence is not barred under principles of *res judicata* where the failure to raise the issue may have been due to the ineffectiveness of appellate counsel and where the failure to raise the issue of the ineffectiveness of appellate counsel is alleged to stem from the incompetency of post-conviction counsel. *People v. Barnard* (1984), 104 Ill. 2d 218, 229; *People v. Frank* (1971), 48 Ill. 2d 500, 503.

■ It has been stated that the right to the effective assistance of counsel is dependent upon the right to counsel itself. (*People v. James* (1986), 111 Ill. 2d 283, 291, quoting *Evitts v. Lucey* (1985), 469 U.S. 387, 397 n.7, 83 L. Ed. 2d 821, 830 n.7, 105 S. Ct. 830, 836 n.7.) A criminal appellant pursuing a first appeal as of right has a right to counsel (*Douglas v. California* (1963), 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814), which, in turn, encompasses the right to the effective assistance of counsel (*Evitts*, 469 U.S. at 396, 83 L. Ed. 2d at 830, 105 S. Ct. at 836; *McMann v. Richardson* (1970), 397 U.S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441). In contrast, the right to counsel at post-conviction proceedings is a matter of legislative grace and favor which may be altered by the legislature at will. *People v. Ward* (1984), 124 Ill. App. 3d 974.

The principles governing claims of the ineffectiveness of criminal defense counsel set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, and adopted in Illinois in *People v. Albanese* (1984), 104 Ill. 2d 504, apply on direct appeal and in a motion for a new trial as well. (466 U.S. at 697, 80 L. Ed. 2d at 700, 104 S. Ct. at 2069.) A post-conviction proceeding is not an appeal but is a collateral attack on a judgment. *People v. James* (1986), 111 Ill. 2d 283, 290.

■ ■ In order to prevail on an ineffectiveness claim under the *Strickland* standard, the defendant must show that counsel's performance was deficient and that this deficient performance prejudiced him. (*Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.) To overcome the presumption that counsel's performance fell within the wide range of professionally competent assistance, the defendant

must prove that counsel's representation fell below an objective standard of reasonableness. (*Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065; *People v. Owens* (1989), 129 Ill. 2d 303, 309.) To show he was prejudiced by counsel's deficient performance, the defendant must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068; *Owens*, 129 Ill. 2d at 309.) Although appellate counsel is not required to brief every possible issue on appeal (*Jones v. Barnes* (1983), 463 U.S. 745, 77 L. Ed. 2d 987, 103 S. Ct. 3308), the failure to raise an issue on appeal which is patently meritorious can constitute incompetence. *People v. Frank* (1971), 48 Ill. 2d 500, 505.

■ As to counsel appointed to represent a petitioner under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*), the appointment of an attorney is but an empty formality unless proper representation is afforded. (*People v. Garrison* (1969), 43 Ill. 2d 121, 123; *People v. Wilson* (1985), 132 Ill. App. 3d 48, 50.) The quality of representation required of counsel appointed to represent an indigent prisoner in proceedings under the Act was set forth in *People v. Slaughter* (1968), 39 Ill. 2d 278, 285:

> "The [Act] can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court."

To this end, Supreme Court Rule 651 requires appointed post-conviction counsel to file a certificate indicating he consulted with petitioner, examined the trial record, and made any necessary amendments to the defendant's *pro se* post-conviction petition. (107 Ill. 2d R. 651(c).) Failure of counsel to file the certificate has been held to be harmless error, however, where examination of the record clearly indicates that counsel met the requirements of the rule. (*People v. Bone* (1987), 154 Ill. App. 3d 412.) Although post-conviction counsel need not amend the petition to raise frivolous allegations, meritorious allegations should be raised. *People v. Townsel* (1973), 14 Ill. App. 3d 105.

No Rule 651(c) certificate appears in this record, but examination thereof indicates counsel conferred with the defendant, requested transcripts of the trial proceedings and amended defendant's *pro se* petition. We find counsel's amendment of the petition was not deficient with respect to the sentence modification issue.

As the defendant argues, the two-year sentence originally imposed by the court for theft was within the sentencing range for that

offense as distinguished from the sentence of probation imposed in *People v. Wade* (1985), 137 Ill. App. 3d 878, *aff'd* (1987), 116 Ill. 2d 1, relied on by the State, for which the defendant there was ineligible. Although we agree that *Wade* is distinguishable, we nevertheless agree with the thrust of the State's argument that the original two-year sentence imposed was a nullity in that the court was without the authority to enter it.

■ It is well established that a defendant may waive the right to a hearing in aggravation and mitigation as provided in section 5—4—1 of the Code. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—4—1.) However, except in accordance with the provisions of section 5—3—1 of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 1005—3—1), a defendant *shall not be sentenced* for a felony before a written presentence report of investigation is presented to and considered by the court (*People v. Youngbey* (1980), 82 Ill. 2d 556, 561-65), and this requirement applies to resentencing following probation revocation (*People v. Harris* (1985), 105 Ill. 2d 290, 299; *People v. Farmer* (1988), 176 Ill. App. 3d 436). Moreover, a defendant may not waive the requirement of section 5—3—1 either by an express waiver or by failing to object to the absence of the report since the presentence report is not a personal right that is for a defendant's benefit alone. *Harris*, 105 Ill. 2d at 301-02; *Youngbey*, 82 Ill. 2d at 560-65.

■■ ■ Even though there was a presentence report prepared here at the time the defendant was placed on probation approximately one month before the revocation proceedings, the defendant was not given the opportunity to present any "additional information" before the court sentenced him. (*Cf. People v. Walker* (1987), 164 Ill. App. 3d 133, 137-38 (additional presentence investigation report not necessary in a probation revocation proceeding where trial court considered a presentence investigation report when the defendant was originally placed on probation, and that report, or an update thereof, is relatively current and the defendant is given the opportunity to present any additional information); see also *People v. Brady* (1988), 172 Ill. App. 3d 1079.) Accordingly, the two-year sentence initially imposed by the court upon revocation of probation was *per se* invalid, and section 5—8—1(c) was inapplicable. It was within the court's discretion subsequently to impose the four-year sentence after reconsidering the previously prepared presentence report and affording the defendant a hearing in aggravation and mitigation as he requested in his motion to reconsider. In this regard, the defendant's poor conduct while on probation was a proper factor for the court to take into consideration in assessing his history, character and rehabilitative potential (*People*

*v. Gaurige* (1988), 168 Ill. App. 3d 855, 868-69; *People v. Reznick* (1986), 141 Ill. App. 3d 593, 597), as was the defendant's perceived perjury during the revocation hearing (*People v. Moffitt* (1985), 138 Ill. App. 3d 106). The defendant's motion to reconsider did not request sentence modification or reduction but, rather, it alleged—correctly so—that he was entitled to a presentence investigation and sentencing hearing.

■ We conclude the issue characterized here by the defendant as "patently meritorious" was not so and find post-conviction counsel was not ineffective for failing to amend the post-conviction petition to include a claim of the ineffective assistance of appellate counsel based on this issue.

NO. 2—87—0248

BURGLARY

The defendant further asserts he was deprived of the effective assistance of his appointed post-conviction counsel in that the meritorious issue of his improper consecutive seven-year sentence for burglary, which was not raised on direct appeal, also was not included in the amended post-conviction petition by way of a claim of the ineffective assistance of appellate counsel. The defendant argues that because he was not advised of the possibility of the imposition of consecutive sentences at the time he entered his guilty plea, it was not an available disposition at the initial sentencing and, thus, also was not available upon resentencing after revocation of his probation. Section 5—6—4 of the Code provides that if the court finds a defendant has violated a condition of his probation, it may "impose any other sentence that was available under section 5—5—3 [Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3] at the time of initial sentencing." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(e).) The defendant requests his consecutive sentence be modified to run concurrently with his four-year sentence for theft.

The State argues this issue is waived under the provisions of section 122—3 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—3) because the defendant's amended petition does not allege he was denied the effective assistance of appellate counsel, nor does it allege the trial court's guilty plea admonishments precluded the imposition of a consecutive sentence. The State also asserts the issue of the improper imposition of a consecutive sentence is not of constitutional stature and it may not be raised in a post-conviction petition.

■■ The State's waiver argument is unpersuasive. As noted above, principles of waiver do not bar issues from consideration where the alleged waiver stems from the incompetency of counsel. (*People v. Barnard* (1984), 104 Ill. 2d 218.) The issue of the competency of counsel is clearly one of constitutional proportions which is cognizable in a post-conviction proceeding (*Barnard*, 104 Ill. 2d at 229), as is the issue of whether the defendant's guilty plea was intelligently and voluntarily made (*People v. Akers* (1985), 137 Ill. App. 3d 922, 926).

Addressing the merits of the issue, the record shows the defendant was not admonished as required by Supreme Court Rule 402 (107 Ill. 2d R. 402(a)(2)) about the possibility of a consecutive sentence prior to entry of his guilty plea for the offense of burglary. The defendant was admonished only that he could be sentenced "for a definite period of time between 3 and 7 years, plus 3 years' mandatory supervised release on that charge." The defendant argues the lack of an admonishment concerning the possibility of a consecutive sentence at the time a guilty plea is entered has been found to bar imposition of such a sentence upon revocation of probation. In support, he cites *People v. Willingham* (1976), 38 Ill. App. 3d 612, 615, and *People v. Eisenberg* (1982), 109 Ill. App. 3d 98.

■■ ■ Generally, a violation of a statute or procedural rule which does not constitute a deprivation of fundamental rights is not cognizable under proceedings for post-conviction relief. (*Akers*, 137 Ill. App. 3d at 926; *People v. Wenger* (1976), 42 Ill. App. 3d 608.) Notwithstanding that general rule, noncompliance with Supreme Court Rule 402 is relevant in a post-conviction proceeding inasmuch as the record must demonstrate that the defendant's plea was intelligently and voluntarily made. (*Akers*, 137 Ill. App. 3d at 926.) A court's failure to substantially comply with Supreme Court Rule 402 by stating the minimum and maximum sentence to which the defendant is subject, "including *** the penalty to which the defendant may be subjected because of *** consecutive sentences" (107 Ill. 2d R. 402(a)(2)), renders a defendant's guilty plea involuntary. *Akers*, 137 Ill. App. 3d at 926-27; *People v. Lundeen* (1977), 55 Ill. App. 3d 799.

In *People v. Flannigan* (1971), 131 Ill. App. 2d 1059, 1064-65, the court stated:

"Where a defendant is charged with more than one crime, the manner in which he may have to serve the sentences imposed for those crimes, whether consecutively or concurrently, is obviously a consequence of his plea, and must be considered as crucial to his decision as the admonition on the maximum

penalty for each of the charges.

\* \* \*

\* \* \* The validity of defendant's guilty plea must be reviewed in the posture in which that plea was entered and defendant is entitled to enter his plea with full knowledge of the possible consequences of that plea as they exist at that time."

As noted above, the defendant has framed the issue here in the context of the ineffective assistance of counsel. Appellate counsel did not raise the issue of consecutive sentences on direct appeal from the revocation order, and post-conviction counsel's amended petition neither raised the issue of the ineffectiveness of appellate counsel for failure to raise the consecutive-sentence issue nor raised the issue of the voluntariness of the defendant's plea.

■■■ We find the imposition of consecutive sentences upon the defendant in the absence of the appropriate admonishment required by Supreme Court Rule 402 (107 Ill. 2d R. 402(a)(2)) was a meritorious issue which, if raised by post-conviction counsel, would have affected the outcome of the proceeding. *Willingham* and *Eisenberg*, although distinguishable in that they were direct appeals and *Eisenberg* involved periodic imprisonment and an extended term rather than probation and a consecutive sentence, nevertheless support defendant's contention that where the court is aware of the possibility of consecutive sentences, such sentences may not be imposed in the absence of an admonishment as to that possibility prior to plea. (*Willingham*, 38 Ill. App. 3d at 615; *Eisenberg*, 109 Ill. App. 3d at 100; see also *People v. Flannigan* (1971), 131 Ill. App. 3d 1059, 1063-65; *People v. Wills* (1974), 23 Ill. App. 3d 25, 32, *aff'd in part, rev'd in part on other grounds* (1975), 61 Ill. 2d 105.) The defendant's guilty pleas here were entered the same day; accordingly, the court was aware that a consecutive sentence was an available disposition inasmuch as defendant's theft and burglary offenses were not part of "a single course of conduct during which there was no substantial change in the nature of the criminal objective." Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4(a).

■■■ Although the defendant requests his sentences be modified to run concurrently, we believe the proper disposition of this case, considering the procedural posture, is to vacate the court's order dismissing the amended post-conviction petition inasmuch as post-conviction counsel was ineffective in presenting defendant's claim, vacate the sentence imposed for burglary, vacate the defendant's plea of guilty of burglary, and remand the cause to give the defendant an opportunity to plead anew. This is essentially the result reached in

*Akers* (137 Ill. App. 3d at 927, 929).

The judgment of the circuit court of Lake County in No. 2—87—0247 is affirmed.

The judgment of the circuit court of Lake County in No. 2—87—0248 is vacated; the defendant's sentence and plea are vacated, and the cause is remanded so the defendant may plead anew.

No. 2—87—0247, affirmed.
No. 2—87—0248, vacated and remanded.

DUNN and McLAREN, JJ., concur.