THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONNIE D. McCRACKEN, Defendant-Appellant.

Third District   No. 3—91—0481

Opinion filed December 3, 1992.

Marcia F. Straub, of Peoria, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

The defendant, Donnie D. McCracken, pled guilty to driving under the influence of alcohol (DUI) and driving while his license was revoked (DWLR) (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(d)(1), 6—303(d)). The charges were Class 4 felonies. Normally, they would have been Class A misdemeanors (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(c), 6—303(a)). The DUI charge was elevated to the level of a Class 4 felony because the defendant had three or more prior violations of section 11—501(a). Similarly, the DWLR charge became a Class 4 fel-

ony because the defendant had more than one conviction for the offense of DWLR and the original revocation of his license was for a violation of section 11–501. After hearing a factual basis for the defendant's plea, the trial court accepted the plea and sentenced him to an extended term of imprisonment of six years to run consecutively with a previously imposed three-year prison term for a DUI offense that occurred in Rock Island County. The defendant appeals.

The record shows that on September 21, 1991, Green Rock police officer Perry Guyton stopped the defendant's automobile after it veered off the roadway. A blood-alcohol test revealed that the defendant's blood-alcohol content was .293. Later that day, the defendant was arrested in Rock Island County for a DUI offense. He was later convicted and sentenced to three years in prison for that charge. The defendant had eight prior DUI convictions and 17 DWLR convictions.

At the time that the trial court accepted the defendant's guilty plea, it advised the defendant that he could receive an extended-term sentence of up to six years in prison if convicted. The court also advised the defendant that his sentences would run concurrently "unless someone told [him] ahead of time they were going to be otherwise." The court did not admonish the defendant about the possibility that any sentence imposed could be consecutive to his three-year sentence for the DUI committed in Rock Island County.

Following a sentencing hearing, the trial court sentenced the defendant to an extended term of imprisonment of six years for DUI to run consecutively with his three-year sentence for the Rock Island DUI. Thereafter, the defendant filed a motion to vacate his guilty plea. The trial court denied the motion and the defendant appealed.

On appeal, the defendant argues that his guilty plea should be vacated and the cause remanded to allow him to plead anew. He contends that the trial court failed to properly admonish him about the possibility that he could receive consecutive sentences.

In response, the State initially argues that the defendant waived the argument by failing to raise it in the trial court.

■ We note that, generally, under Illinois Supreme Court Rule 604(d), any issue not raised by a defendant in his motion to withdraw a plea of guilty is deemed waived on appeal. (134 Ill. 2d R. 604(d).) However, if a lower court fails to give a defendant the admonishments required by Rule 402, it may constitute plain error, an exception to the waiver rule. (134 Ill. R. 2d 615; *People v. Davis* (1991), 145 Ill. 2d 240, 582 N.E.2d 714.) The supreme court has held the plain error rule applicable where the trial court gave incorrect admonishments, leading the defendant to believe that he was eligible for a sen-

tence other than incarceration. (See *People v. Davis* (1991), 145 Ill. 2d 240, 582 N.E.2d 714.) Similarly, in the present case, the trial court incorrectly admonished the defendant, leading him to believe that he would not receive a consecutive sentence. Accordingly, we elect to consider the issue under the plain error doctrine.

Turning to the merits, we note that a court's failure to state the penalty to which the defendant may be subjected because of consecutive sentences renders a defendant's plea involuntary. (*People v. Butler* (1989), 186 Ill. App. 3d 510, 541 N.E.2d 171.) Whether reversal is required depends on whether real justice has been denied or whether the defendant has been prejudiced by the inadequate admonishment. *People v. Davis* (1991), 145 Ill. 2d 240, 582 N.E.2d 714.

In *Davis*, the trial court advised the defendant at the time of his guilty plea that the possible disposition of his burglary conviction could range from probation to an extended-term sentence. However, the defendant was specifically ineligible for probation because he had a Class 2 felony conviction within 10 years of the current offense. (See Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(c)(2)(F).) The supreme court in *Davis* noted that the trial court had incorrectly admonished the defendant about his possible sentence, leaving him to believe he would be eligible for a sentence other than incarceration. The supreme court concluded that the lower court's failure to give the proper admonishments required that the defendant's guilty plea be vacated and the cause remanded to allow him to plead anew.

Similarly, in the present case, the defendant was admonished that unless he was told otherwise, any sentence imposed would be concurrent. The trial court never informed the defendant that there was a possibility that the sentence at issue would be consecutive to the three-year term of imprisonment for his Rock Island County DUI conviction. Section 5—8—4 of the Unified Code of Corrections charges the trial court with the responsibility of determining whether sentences are to run consecutively or concurrently when imposing a term of imprisonment on a defendant who is already subject to sentence in this State. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4.) Furthermore, Illinois Supreme Court Rule 402(a)(2) provides that the court shall not accept a plea of guilty without first informing the defendant of the minimum and maximum sentences prescribed by law, including, when applicable, *the penalty to which the defendant may be subjected because of* prior convictions or *consecutive sentences*. (134 Ill. 2d R. 402(a)(2).) Since the trial court's admonishments in this case left the defendant believing that his sentences would not be consecutive, we

hold that the defendant's guilty plea must be vacated and the cause remanded to allow him to plead anew.

The defendant next argues that since the instant felony convictions were enhanced from the status of misdemeanors to felonies, he could not receive an extended-term sentence for his crimes.

■ We note that the Illinois Supreme Court recently discussed that issue in *People v. Gonzalez* (1992), 151 Ill. 2d 79, holding that an extended-term sentence may be imposed as long as the same prior felony conviction is not used both as an element of the offense and to impose the extended-term sentence. We find, however, that our disposition of the defendant's first issue makes it unnecessary for us to address his issue involving an extended-term sentence.

For the foregoing reasons, the judgment of the circuit court of Henry County is reversed, the defendant's guilty plea is vacated and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GORMAN and STOUDER, JJ., concur.