2021 IL App (2d) 180775
No. 2-18-0775
Opinion filed March 5, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 17-CF-1598        17-CF-2030 |
| WESLEY JOHNSON JR., | ) ) | Honorable Randy Wilt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Schostok and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Wesley Johnson Jr., appeals the five-year consecutive sentences imposed in case Nos. 17-CF-1598 and 17-CF-2030. Defendant argues that the imposition of consecutive sentences was improper. We agree. Thus, we vacate the sentences imposed in both cases and remand this cause for resentencing.

¶ 2                                        I. BACKGROUND

¶ 3     On June 24, 2017, defendant was arrested for domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2016)) and interfering with reporting of domestic violence (*id.* § 12-3.5). He posted bond

on June 25, 2017, and was later indicted for both offenses in case No. 17-CF-1598.[1]

¶ 4    On June 28, 2017, three days after he was released on bond in case No. 17-CF-1598, defendant committed another domestic battery (*id.* § 12-3.2(a)(2)). Defendant was subsequently indicted for that offense, a Class 4 felony (*id.* § 12-3.2(b)), in case No. 17-CF-2030.

¶ 5    On September 26, 2017, defendant pleaded guilty to domestic battery in case No. 17-CF-1598 in exchange for 30 months of probation. When the court admonished defendant about the minimum and maximum sentences he faced, the court told defendant that, because he was eligible for an extended-term sentence, he faced a prison term between one and six years.

¶ 6    One month later, on October 25, 2017, defendant pleaded guilty to domestic battery in case No. 17-CF-2030 in exchange for the dismissal of charges brought in two other cases (Nos. 17-CF-2380 and 17-CM-2217) and 30 months of probation, which the court ordered to run concurrently with the 30 months of probation imposed in case No. 17-CF-1598. Although, in imposing concurrent terms of 30 months of probation, the court was reminded that case No. 17-CF-1598 involved a domestic battery, the court was not told when that offense occurred. When the court admonished defendant about the minimum and maximum sentences he faced, the court again advised defendant that, because he was extended-term eligible, he faced a prison term between one and six years. The court never advised defendant that he was subject to mandatory consecutive sentencing because he committed the domestic battery in case No. 17-CF-2030 while released on bond in case No. 17-CF-1598.

---

[1] Because defendant had been convicted of domestic battery in 2013, the domestic battery he was charged with in case No. 17-CF 1598 was a Class 4 felony. 720 ILCS 5/12-3.2(b) (West 2016).

¶ 7    On May 2, 2018, the State petitioned to revoke defendant's probation in both cases. The trial court granted the petition, and at the subsequent sentencing hearing, the trial court asked, "And [defendant] is actually mandatory consecutive on these matters if he is sentenced to the Department of Corrections, is that also true?" Although the State agreed that that was correct, defense counsel replied, "I don't believe he is." After the court explained to defense counsel that, according to the presentence investigation report, defendant committed the domestic battery in case No. 17-CF-2030 while released on bond in case No. 17-CF-1598, defense counsel ultimately agreed that defendant was subject to mandatory consecutive sentencing. Thereafter, the court sentenced defendant to consecutive terms of five years' imprisonment. Given the length of the aggregate sentence, the State dismissed charges brought in another case (No. 18-CF-0723).

¶ 8    Defendant never challenged his sentences in the trial court.

¶ 9    This timely appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    At issue in this appeal is whether imposition of consecutive sentences was proper, given that defendant was never advised before he pleaded guilty in case No. 17-CF-2030 that he was subject to mandatory consecutive sentencing. We review this issue *de novo*. See *People v. Guzman*, 2015 IL 118749, ¶ 13 (*de novo* review applied where the defendant argued that the trial court did not properly admonish him before he pleaded guilty).

¶ 12    In making his argument, defendant recognizes that he never raised this issue in the trial court. "It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Walsh*, 2016 IL App (2d) 140357, ¶ 16; see also 730 ILCS 5/5-4.5-50(d) (West 2016) ("A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made

by a written motion filed *** within 30 days following the imposition of sentence."). If a defendant fails to challenge his sentence in the trial court, issues related to the defendant's sentence are subject to forfeiture on appeal. See *In re Angelique E.*, 389 Ill. App. 3d 430, 432 (2009) (a defendant's failure to raise a sentencing issue in the trial court generally results in forfeiture of that issue on appeal).

¶ 13    Here, defendant never objected to the imposition of consecutive sentences at the sentencing hearing or in a motion to reconsider the sentence. Thus, the issue he raises now is subject to forfeiture.

¶ 14    Nevertheless, recognizing that he raises an issue not properly preserved, defendant asks us to apply the plain-error rule. "Plain error is a limited and narrow exception to the general forfeiture rule." *Walsh*, 2016 IL App (2d) 140357, ¶ 17. "To obtain relief under the plain-error rule, a defendant must show that a clear or obvious error occurred." *Id.* "If a clear or obvious error is identified, a defendant may obtain relief if the error complained of meets either prong of the two-pronged plain-error rule." *Id.* "That is, '[i]n the sentencing context, a defendant must *** show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing.' " *Id.* (quoting *People v. Hillier*, 237 Ill. 2d 539, 545 (2010)). The defendant bears the burden of establishing plain error, and if that burden is unmet as to either prong of the plain-error rule, the claim raised for the first time on appeal is forfeited. *Id.*

¶ 15    Defendant argues that plain-error review is appropriate because the court did not properly admonish him pursuant to Illinois Supreme Court Rule 402(a)(2) (eff. July 1, 2012). That rule provides, among other things, that a trial court shall not accept a defendant's guilty plea without first advising the defendant in open court about "the minimum and maximum sentence prescribed

by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." *Id.* Plain error arises when a trial court fails to inform a defendant, pursuant to this rule, that consecutive sentences are mandatory. *People v. McCracken*, 237 Ill. App. 3d 519, 521 (1992). Thus, we consider defendant's claim here that imposition of consecutive sentences was improper.

¶ 16    We note that the parties agree that defendant was subject to mandatory consecutive sentencing, as he was released on bond for a felony in case No. 17-CF-1598 when he committed the felony charged in case No. 17-CF-2030. See 730 ILCS 5/5-8-4(d)(8) (West 2016) ("If a person charged with a felony commits a separate felony while on pretrial release or in pretrial detention in a county jail facility or county detention facility, then the sentences imposed upon conviction of these felonies shall be served consecutively ***."). The parties also agree that defendant was not advised when he pleaded guilty in case No. 17-CF-2030 that he was subject to mandatory consecutive sentences. See Ill. S. Ct. R. 402(a)(2) (July 1, 2012).

¶ 17    The parties disagree about whether, despite the above, consecutive sentences were proper because nothing indicated that the *trial court knew* that consecutive sentences were mandatory. In making their arguments, both parties rely on *People v. Butler*, 186 Ill. App. 3d 510 (1989). In that case, we noted that, "where *the court is aware* of the possibility of consecutive sentences, such sentences may not be imposed in the absence of an admonishment as to that possibility prior to plea." (Emphasis added.) *Id.* at 521. Defendant argues that the trial court was aware that consecutive sentences were mandatory because "the same court *** accepted both guilty pleas less than one month apart and *** [that court] advised [defendant] that probation in case 17 CF 2030 would run concurrently with his probation in case 17 CF 1598." The State claims that the trial court was unaware that consecutive sentencing was mandatory because the pleas were not

entered during the same proceeding or on the same day, and the court did not have the benefit of a presentence investigation report at the time defendant pleaded guilty in case No. 17-CF-2030.

¶ 18     We determine that the parties have misinterpreted *Butler*. In relying on *Butler*, the parties presume that what the trial court knew at the time a defendant pleaded guilty is decisive. We disagree. The fact, as we stated in *Butler*, that consecutive sentences may not be imposed when the trial court is aware of the possibility of such sentencing—yet fails to admonish the defendant about it—does not mean that the inverse is also true, *i.e.*, that a trial court's *un*awareness of the possibility of consecutive sentencing—and thus failure to admonish the defendant about it—allows a trial court to subsequently impose consecutive sentences.

¶ 19     We find *People v. Taylor*, 368 Ill. App. 3d 703 (2006), more instructive than *Butler* in resolving the issue raised here. In *Taylor*, when the defendant pleaded guilty to two felonies, the trial court admonished him that the first felony was punishable by two to five years in prison. *Id.* at 704. The trial court added, " '*If* extended term applies, it's 2 to 10 years.' " (Emphasis added.) *Id.* The court then said that, as to the defendant's second felony, " '*If* extended term applies, the term is *** 1 to 3 years in prison ***.' " (Emphasis added.) *Id.* Per a plea agreement, the court subsequently dismissed another pending charge and sentenced the defendant to the agreed-upon sentence of 30 months of probation. *Id.* at 704-05. Later, the defendant's probation was revoked, and he was sentenced to concurrent extended terms of 10 years' imprisonment. *Id.* at 706. We reduced the defendant's sentences to the maximum nonextended terms, explaining that the trial court had failed to inform the defendant that he was eligible for extended terms. *Id.* at 709. We determined that, because the court merely told the defendant what the penalties would be *if* he were eligible for extended-term sentences, we could not presume that, when the defendant pleaded guilty, *he knew* that he was so eligible. *Id.* at 708.

¶ 20    In reaching that conclusion, we stressed that "the record not only fails to rebut the presumption that [the] defendant did not know that extended-term sentencing was possible; it reinforces that presumption." *Id.* On that point, we noted that the record reflected that, at both the guilty-plea proceeding and resentencing, the trial court and the parties were uncertain about defendant's prior convictions, which would provide the basis for extended-term sentencing. *Id.* Given that, we observed that "the record creates doubt that, when [the] defendant pleaded guilty, *anyone* realized that [the defendant] was eligible for extended-term sentencing." (Emphasis in original.) *Id.* at 708-09.

¶ 21    Here it is even less likely that defendant knew he was subject to mandatory consecutive sentencing. Unlike in *Taylor*, the record reflects that neither the court nor the parties *even thought* that defendant *might* be subject to mandatory consecutive sentences. That is, unlike in *Taylor*, where the trial court admonished the defendant about the sentences he would face *if* he were eligible for extended-term sentencing, the court here never mentioned consecutive sentencing at all. Moreover, as in *Taylor*, the proceeding at the resentencing hearing confirmed that, at the very least, defense counsel was mistaken about the fact that mandatory consecutive sentencing applied. Given (1) that the trial court, by failing to admonish defendant about mandatory consecutive sentencing, did not know that defendant was subject to mandatory consecutive sentencing and (2) that defense counsel did not believe that mandatory consecutive sentencing applied, we fail to see, as in *Taylor*, how defendant could be expected to know that consecutive sentences were mandatory in his case. See *id.* Accordingly, we determine, like in *Taylor*, that imposition of mandatory consecutive sentences at resentencing was improper. See *id.* at 709.

¶ 22    The question becomes what remedy must be afforded defendant. Defendant contends that this court must modify his sentences to run concurrently, suggesting that "this Court *** reduce

each sentence to three years, making them within the range stated by the trial court." The State claims that we must remand this matter so that defendant can withdraw his guilty plea and either plead guilty anew or proceed with a trial. In doing so, the State clams that it should be able to reinstate all the other charges brought against defendant that the State dismissed.

¶ 23     When a defendant is not properly admonished pursuant to Rule 402, the proper remedy is typically to allow the defendant to withdraw his plea and plead anew. *McCracken*, 237 Ill. App. 3d at 521-22. However, that is not possible when the appeal is from a probation revocation. *Taylor*, 368 Ill. App. 3d at 708. In such circumstances, when a defendant is sentenced following the revocation of his probation, "the trial court is limited in sentencing by the maximum penalty upon which the defendant had originally been admonished." *People v. Johns*, 229 Ill. App. 3d 740, 743 (1992). This means here that the trial court was limited to concurrent sentences for the two offenses. See *People v. Wills*, 251 Ill. App. 3d 640, 645 (1993) (only concurrent sentences could be imposed where trial court failed to admonish defendant about possibility of consecutive sentences).

¶ 24     In this case, before the trial court accepted defendant's guilty plea in both cases, it admonished defendant that, because he was eligible for an extended-term sentence, he faced a prison term between one and six years. 730 ILCS 5/5-4.5-45(a) (West 2016). The court imposed consecutive terms of 5 years, 1 year less than the maximum, resulting in an aggregate sentence of 10 years, 2 years less than the maximum aggregate of 12 years. In *Taylor*, where the record was clear that the trial court wished to impose the maximum available sentence for each conviction, we reduced the defendant's concurrent extended-term sentences to the maximum nonextended terms. *Taylor*, 368 Ill. App. 3d at 709. Here the court did not impose the maximum sentence for each conviction. Perhaps this was because the court was imposing consecutive sentences; the court

might have imposed a different sentence for each conviction if the court were limited—consistent with the scope of its admonishments—to concurrent sentences. We cannot be sure. A court must sparingly and cautiously exercise its power to modify sentences under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967). *People v. Jones*, 168 Ill. 2d 367, 378 (1995). Rather than reduce defendant's sentences as he suggests, we vacate the sentences and remand this cause for resentencing. In doing so, we note that any sentences imposed are limited to the maximum term of which defendant was informed before he pleaded guilty. See *Johns*, 229 Ill. App. 3d at 743. This means that the court is limited to concurrent sentencing. Also, charges dismissed under the plea agreement cannot be reinstated. See *Taylor*, 368 Ill. App. 3d at 704, 709.

¶ 25                                  III. CONCLUSION

¶ 26    For these reasons, we vacate the order sentencing defendant to consecutive terms of five years' imprisonment in case Nos. 17-CF-1598 and 17-CF-2030 and remand this cause for resentencing in both cases.

¶ 27    Vacated and remanded.

**No. 2-18-0775**

| | |
|---|---|
| **Cite as:** | *People v. Johnson*, 2021 IL App (2d) 180775 |
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, Nos. 17-CF-1598, 17-CF-2030; the Hon. Randy Wilt, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Vicki P. Kouros, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Marilyn Hite Ross, State's Attorney, of Rockford (Patrick Delfino, Edward R. Psenicka, and Richard S. London, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |