2021 IL App (2d) 190033-U
No. 2-19-0033
Order filed June 3, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 16-CF-745 |
| | ) | |
| CHRISTOPHER JACKSON, | ) | Honorable |
| | ) | T. Clint Hull, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's challenge to the sufficiency of the notice to the surety—who posted $7500 cash bond in defendant's case—failed for three independent reasons: (1) defendant lacked standing to challenge the notice, (2) defendant forfeited his challenge by not raising it below, and (3) the notice substantially complied with the statute.

¶ 2    Defendant, Christopher Jackson, appeals from the judgment of the circuit court of Kane County that applied the $7500 cash bond in his case toward restitution for the cost of the victim's counseling. He contends that the surety who posted the $7500 was not given proper notice that it could be applied to restitution. We affirm because (1) defendant lacks standing to challenge the

sufficiency of the notice to the surety, (2) alternatively, defendant forfeited the issue, and (3) still alternatively, the notice was sufficient.

¶ 3                                            I. BACKGROUND

¶ 4      Defendant was charged with, among other things, several counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2014)) and aggravated criminal sexual abuse (720 ILCS 5/11-60(b) (West 2014)).

¶ 5      Before trial, defendant signed a document entitled, "BAIL BOND." There was a separate document entitled, "NOTICE TO SURETY." Near the top of the notice to the surety was a line in bold type that stated, "My signature below on this form means that I have read, I understand and I consent to the following." Immediately below that line was a definition of "surety," and immediately below that were five numbered points. Point two provided, in pertinent part, that the posted money could be ordered by the court to apply to "costs, fines, fees and/or restitution to the victim." The last sentence of point two stated in bold type, "I understand that I may lose all or part of the money or property that I have posted for said defendant." Floyd Farkas, defendant's step-father, signed the notice to the surety and posted a $7500 cash bond.

¶ 6      After a jury trial, defendant was found guilty of 12 counts of criminal sexual assault and 2 counts of aggravated criminal sexual abuse. At sentencing, when addressing the issue of restitution, defendant's counsel stated that Farkas had "signed a bond slip and was aware that [his] money could go to fines and court costs and things of that nature." As part of the sentence, the trial court ordered defendant to pay the victim $7500 in restitution as compensation for counseling. In a separate order, which was referenced in the written judgment, the court directed that the restitution be paid from the $7500 bond. Neither defendant nor Farkas objected to the bond being applied to restitution.

¶ 7     In a motion to reconsider his sentence, defendant contended, among other things, that the trial court erred in imposing "prospective restitution" to pay for the victim's future counseling. The trial court denied the motion to reconsider, and defendant filed a timely notice of appeal. The notice of appeal stated that defendant was appealing from the judgment and sentence. It did not, however, specifically refer to the order requiring that the $7500 bond be applied to the restitution.

¶ 8                                        II. ANALYSIS

¶ 9     On appeal, defendant contends that, because there was insufficient notice to the surety that the $7500 could be applied to restitution, this court should reverse the order doing so. The State responds that (1) because the notice of appeal does not refer to the restitution order, we lack jurisdiction, (2) defendant lacks standing to challenge the sufficiency of the notice, (3) defendant forfeited the notice issue by not raising it in the trial court, and (4) the notice to the surety was sufficient.

¶ 10    We initially address whether we lack jurisdiction because defendant's notice of appeal does not refer to the separate restitution order. We have jurisdiction.

¶ 11    The filing of a notice of appeal is the jurisdictional step that initiates appellate review. *People v. Smith*, 228 Ill. 3d 95, 104 (2008). Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and is obligated to dismiss it. *Smith*, 228 Ill. 3d at 104. Supreme Court Rule 303(b)(2) provides that a notice of appeal shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court. Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017); see also *Smith*, 228 Ill. 2d at 104. Although a notice of appeal is jurisdictional, it is generally accepted that it is to be construed liberally. *Smith*, 228 Ill. 2d at 104. The purpose of the notice of appeal is to inform the prevailing party in the trial court that the other party seeks review of the judgment. *Smith*, 228 Ill. 2d at 104.

¶ 12    Here, the notice of appeal states that defendant is appealing from the judgment of conviction and the sentence.  Although the notice of appeal does not specifically refer to the restitution order, restitution was part of the sentence imposed.  Liberally construing the notice of appeal, we hold that its reference to the sentence necessarily encompasses the restitution order.  Thus, we have jurisdiction.

¶ 13    We next address whether defendant has standing to challenge the sufficiency of the notice to the surety.  He does not.

¶ 14    The doctrine of standing ensures that issues are raised only by those parties with a real interest in the outcome of the controversy.  *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010) (citing *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004)).  A lack-of-standing claim is forfeited if not timely raised in the trial court.  *Lebron*, 237 Ill. 2d at 252-53.

¶ 15    Defendant challenges the sufficiency of the notice to Farkas.  He has no standing to do so, however, as he has no interest in the outcome of that issue.  Rather, Farkas, as the person who posted the $7500, was the person to whom the notice was directed.  Accordingly, Farkas, not defendant, was the only person who had standing to challenge the sufficiency of that notice.  However, defendant asserts that the State, by not raising standing in the trial court, forfeited any claim in this court that he lacked standing.  As noted, defendant did not raise in the trial court any issue related to the sufficiency of the notice to Farkas.  Accordingly, the State had no reason to challenge defendant's standing in the trial court.  Thus, the State did not forfeit its standing challenge.

¶ 16    Alternatively, the State contends that defendant forfeited any issue regarding the sufficiency of the notice by not raising it in the trial court.  We agree.

¶ 17     A defendant's failure to raise a sentencing issue in the trial court generally results in forfeiture of that issue on appeal. *People v. Johnson*, 2021 IL App (2d) 180775, ¶ 12. However, a plain-error exception to forfeiture applies in the sentencing context where a defendant shows either that (1) the evidence at the sentencing hearing was closely balanced or (2) the error was so egregious as to deny the defendant a fair sentencing hearing. *Johnson*, 2021 IL App (2d) 180775, ¶ 14. Nonetheless, a defendant can forfeit plain-error review by not raising it on appeal. *People v. Nieves*, 191 Ill. 2d 487, 502-03 (2000).

¶ 18     Here, because defendant never raised any issue regarding the sufficiency of the notice in the trial court, he forfeited such a claim. Nor has he contended in this court that plain error excuses his forfeiture. Thus, he has forfeited any plain-error review.

¶ 19     Even if defendant had standing, and had not forfeited his challenge to the sufficiency of the notice, his claim would fail for lack of merit.

¶ 20     Section 110-7(a) of the Code of Criminal Procedure provides, in pertinent part, that a bail bond form shall include a written notice to any person, other than the accused, who has provided money for the posting of bail, that the bail may be used to pay "costs, attorney's fees, fines, or other purposes authorized by the court." 725 ILCS 5/110-7(a) (West 2016)). Section 110-7(a) specifies that such written notice "must be: (1) distinguishable from the surrounding text; (2) in bold type or underscored; and (3) in a type size at least 2 points larger than the surrounding type." 725 ILCS 5/110-7(a) (West 2016). Although section 110-7(a) uses the word "must," substantial compliance can satisfy the notice requirement. *People v. Williams*, 2012 IL App (2d) 111157, ¶¶ 12-16. To determine whether there is substantial compliance, the court must assess whether (1) the purpose of the statute was achieved and (2) the defendant suffered any prejudice from the failure to strictly comply with the statute. *Williams*, 2012 IL App (2d) 111157, ¶ 14.

¶ 21    Here, the notice to the surety substantially complied with section 110-7(a).  We recognize that, though section 110-7(a) appears to contemplate that the notice to the surety will be part of the bail bond form, here the notice was a separate document.  However, this departure from the text of section 110-7(a) may well have made the notice more conspicuous.  The notice was entitled, "NOTICE TO SURETY" in bold type and large font.  Point two of the notice stated that the posted money could be ordered by the court to be applied to "costs, fines, fees and/or restitution to the victim."  Further, the last sentence of point two stated, in bold type, that the surety understood that he could lose all or part of the money posted on defendant's behalf.  Farkas signed the notice.  Under those circumstances, the notice fully satisfied the purpose of section 110-7(a)—to notify Farkas that there was a risk that the $7500 could be used to pay restitution. See *Williams*, 2012 IL App (2d) 111157, ¶ 18.  Moreover, Farkas was not prejudiced by the notice's failure to strictly comply with the statute.  There is nothing in the record to indicate that Farkas would not have posted the bond if the notice were in the exact form required by 110-7(a).  See *Williams*, 2012 IL App (2d) 111157, ¶ 19.  Under the circumstances, the notice to the surety substantially complied with section 110-7(a).[1]

¶ 22                                    III. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 24    Affirmed.

_____

[1] We note that, at the sentencing hearing, defense counsel stated that Farkas had signed a bond slip and was aware that his money could go for costs, fines, and "things of that nature." Counsel's statement strongly suggests that Farkas had actual notice that the posted money could be applied to restitution.  See *Williams*, 2012 IL App (2d) 111157, ¶ 21.