2024 IL App (2d) 230188-U
No. 2-23-0188
Order filed March 26, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07-CF-1842 |
| QUENTIN MOORE, | ) ) ) | Honorable Elizabeth K. Flood, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Regardless of whether the trial court should have required the State to substantiate defendant's pending charges with live testimony before the court relied on those charges in aggravation at sentencing, no plain error arose because (1) the court placed minimal weight on the charges and (2) the sentence imposed was substantially below the maximum for the offense.

¶ 2    Defendant, Quentin Moore, appeals the sentence imposed by the circuit court of Kane County for his conviction of first degree murder. He argues that the trial court erred by considering his pending charges as aggravating evidence in imposing the sentence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On June 29, 2007, defendant was charged with six counts of first degree murder (720 ILCS 5/9-1(a) (West 2004)) for the September 4, 2005, killing of George Caro.

¶ 5    After a discharge hearing, defendant was acquitted of two counts of first degree murder and found not not guilty of the remaining four counts. Defendant appealed, and this court affirmed. *People v. Moore*, 2021 IL App (2d) 180110-U, ¶ 2. Defendant was subsequently found fit to stand trial, and following a bench trial, he was found guilty of three counts of first degree murder, which merged for sentencing purposes.

¶ 6    At the May 2023 sentencing hearing, the trial court took judicial notice of the court file in case No. 05-CF-2900, in which defendant was convicted in 2007 of attempted murder and sentenced to 23½ years' imprisonment. The court also took judicial notice of reports from the Kane County jail and the entire court file in this case. The record in this case included defendant's presentence investigation report (PSI), which revealed that defendant (1) was born in 1981, (2) was a Latin Kings member, (3) began committing crimes in 1999, and (4) was convicted of multiple offenses between 1999 and 2005. These offenses included attempted murder (case No. 05-CF-2900), drug offenses, unlawful possession of a firearm, unlawful possession and consumption of alcohol by a minor, speeding, and unlawful use of a blackjack (bludgeon weapon). Additionally, defendant committed 30 major infractions while incarcerated, which resulted in his segregation for months. Some of these violations involved assaulting and battering fellow inmates and corrections staff. Although defendant had mental health issues while incarcerated, the mental health staff at the prison theorized that these issues were related to his segregation.

¶ 7    During the sentencing hearing, the State sought to admit charging documents, police reports, and grand jury transcripts from four pending cases against defendant: Nos. 07-CF-1826 and 07-CF-1840, in both of which defendant was charged with first degree murder, and Nos. 08-

CF-1462 and 10-CF-1477, in both of which he was charged with aggravated battery. The parties informed the trial court that case No. 07-CF-1840 was nol-prossed in November 2008.

¶ 8 Defense counsel objected on hearsay grounds to the admission of materials from all the cases except No. 07-CF-1826. The court overruled the objection and admitted the materials from all four cases. Also admitted at the hearing were victim impact statements prepared by Caro's siblings and a letter from the mother of defendant's children. Defendant declined to make a statement in allocution.

¶ 9 After the parties' arguments, the trial court sentenced defendant to 38 years' imprisonment, which the court held must be served consecutively to the 23½-year sentence in case No. 05-CF-2900 (see 730 ILCS 5/5-8-4(a)(1) (West 2006)). In fashioning this sentence, the court recited the facts of the case, noting that Caro was a young man who was beaten to death by the Latin Kings for a minor violation of the gang's rules. After the beating, the gang dragged Caro's body to a side yard, removed his shirt and shoes, took his phone, and left him to die. At the time, defendant, who participated in the beating, was 24 years old and a high-ranking member of the gang.

¶ 10 The trial court then commented that "[i]n rendering a sentence, the [c]ourt is considering the evidence at trial, the dockets of all pending cases, information in [the PSI], and the information and evidence presented at the sentencing hearing from both sides." In light of all that information, the court addressed the factors in aggravation and mitigation.

¶ 11 In aggravation, the trial court observed that defendant "has a history of prior delinquency or criminal activity." See *id.* § 5-5-3.2(a)(3). The court recited the convictions listed on defendant's PSI and asserted:

"The defendant also has pending [case No.] 07-CF-1826, a charge of first degree murder. Evidence submitted by the State establishes that an informant *** told the police

that the defendant told the informant that he had shot at two rival gang members while they were in a vehicle; [case No.] 08-CF-1462 for aggravated battery, great bodily harm, a charge alleging that the defendant attacked another inmate while in the jail; [case No.] 10-CF-1477, a charge of aggravated battery during which the defendant attacked his public defender.

This court is not considering [case No.] 07-CF-1840 as that charge was dismissed by the State."

The court continued addressing the factors in aggravation, finding that "the sentence is necessary to deter others from committing the same crime" and "defendant was convicted of a felony committed while he was serving a period of probation, conditional discharge, or mandatory supervised release [(MSR)] for [a] prior felony." See *id.* § 5-5-3.2(a)(7), (a)(12). The court explained that defendant was released on MSR two months before Caro was killed. Then, two months after killing Caro, defendant was charged with attempted murder and aggravated discharge of a firearm in case No. 05-CF-2900.[1] Last, the court found that "defendant committed an offense related to activities of an organized gang." See *id.* § 5-5-3.2(a)(15).

¶ 12 In mitigation, the trial court found that none of the factors applied. For example, "defendant's criminal conduct was [not] induced or facilitated by someone other than *** defendant." See *id.* § 5-5-3.1(a)(5). Rather, the court observed that "the testimony [presented at trial] appeared to establish that *** defendant was one of the decision makers regarding the violation [of the gang's rules]." Moreover, "a sentence to prison *** would [not] cause an

---

[1]The jury found defendant guilty of both charges, but the trial court merged the aggravated discharge conviction into the attempted murder conviction for purposes of sentencing.

excessive hardship to *** defendant's depend[ents]." See *id.* § 5-5-3.1(a)(11). Indeed, the court noted that "[defendant] has already been imprisoned for many years[ ] and[,] therefore, has been unable to support them during that time." Last, "imprisonment of defendant would [not] endanger his *** medical condition." See *id.* § 5-5-3.2(a)(12). The court observed that although "defendant was diagnosed with schizophrenia in 2019, he appeared to be either compliant with medication or in some fashion doing better." The court then asserted that it could not determine if imprisonment would exacerbate any medical condition defendant might have, because he refused to sign any waivers releasing such information to the court.

¶ 13    After examining the factors in aggravation and mitigation, the trial court again commented on the facts of the case, observed that Caro's family "still mourns his loss," noted how pervasive and deadly gang activity had been in the area at the time of the crime, and reiterated that defendant committed the murder while on MSR and soon before being charged with attempted murder and aggravated discharge of a firearm in case No. 05-CF-2900.

¶ 14    Defendant moved the trial court to reconsider the sentence. Defendant never argued that it was improper for the court to consider any pending cases. The court denied the motion, and this timely appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, defendant argues that the trial court erred when it considered the charges in three of his pending cases (Nos. 07-CF-1826, 08-CF-1462, and 10-CF-1477) as aggravating evidence where the State never substantiated the charges with witness testimony at the sentencing hearing. Before considering this issue, we note that defendant failed to preserve it for review in the trial court. Claims challenging a defendant's sentence that are not raised at sentencing and in a postsentencing motion are forfeited. See *People v. Johnson*, 2021 IL App (2d) 180775, ¶ 12.

Although defendant recognizes that the claim he raises is forfeited, he asks us to review the claim as either plain error or, alternatively, as ineffective assistance of counsel. "When addressing a claim of plain error and an alternative claim of ineffective assistance of counsel, appellate courts first consider whether the defendant has established a clear or obvious error." *People v. Gilker*, 2023 IL App (4th) 220914, ¶ 78. Accordingly, we consider *de novo* whether it was clear error for the trial court to consider the pending cases without substantiating testimony. See *People v. Johnson*, 238 Ill. 2d 478, 485 (2010) ("The ultimate question of whether a forfeited claim is reviewable as plain error is a question of law that is reviewed *de novo*.").

¶ 17 Regardless of whether the trial court should have required the State to present testimony substantiating the charges (compare *People v. Bey*, 51 Ill. 2d 262, 267 (1972), with *People v. LaPointe*, 88 Ill. 2d 482, 498 (1981); *People v. Minter*, 2015 IL App (1st) 120958, ¶ 148), we determine that no clear error arose because the trial court placed minimal weight on the pending charges.

¶ 18 In deciding whether significant weight was placed on an improper factor, we consider:

"(1) whether the trial court made any dismissive or emphatic comments in reciting its consideration of the improper factor; and (2) whether the sentence received was substantially less than the maximum sentence permissible by statute. [Citation.]" *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18.

¶ 19 Here, the trial court's rationale for the imposed sentence consists of 11 transcript pages. In these pages, the court found no mitigating factors applied, and it addressed the several statutory aggravating factors that did. The court also commented on the senseless violence inflicted on Caro, a young man whose family still mourned his death. The court's remarks about the pending cases, only three of which it considered at all, consisted of a few statements in the middle of the

court's ruling. The court was addressing defendant's history of prior delinquency and mentioned the pending cases just after noting the prior convictions delineated in the PSI. These facts make this case far different from *People v. Edwards*, 224 Ill. App. 3d 1017, 1022, 1033 (1992), on which defendant relies, as nothing in *Edwards* indicates that the court there considered anything but the improper factor. Here, given all the proper factors the trial court considered and how it considered the pending cases, we conclude that the court did not place significant weight on any pending charges in sentencing defendant.

¶ 20    Second, not only did the trial court not emphasize the pending cases, but defendant's 38-year sentence for first degree murder was substantially less than the maximum term. See *Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18. A defendant convicted of first degree murder faces a prison sentence between 20 and 60 years. 730 ILCS 5/5-8-1(a)(1) (West 2006) (now codified at 730 ILCS 5/5-4.5-20(a) (West 2022)). Defendant's sentence falls two years below the midpoint of 40 years and 22 years below the maximum of 60 years.

¶ 21    Given the insignificant weight the trial court placed on the pending cases, we cannot conclude that defendant's 38-year sentence for first degree murder was improper. See *People v. Glenn*, 363 Ill. App. 3d 170, 178 (2006) (remand for resentencing not warranted when "it appears from the record that the weight placed upon [the improper] factor was so insignificant that it did not lead to a greater sentence"). Accordingly, because we determine that no error arose when the trial court sentenced defendant, we necessarily cannot find plain error. See *Johnson*, 238 Ill. 2d at 485. Thus, defendant's forfeiture stands.

¶ 22                                III. CONCLUSION

¶ 23    For these reasons, we affirm the judgment of the circuit court of Kane County.

¶ 24    Affirmed.